IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY WESTON BEARDEN, #326257, Petitioner, | ) ) ) ) | |
| v. | ) ) | 3:05-CV-0769-P |
| DOUGLAS DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | ) ) ) ) ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently incarcerated at the Coffield Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Tennessee Colony, Texas. Respondent is the Director of TDCJ-CID. No process has been issued in this case.

Statement of the Case: Following his plea of not guilty, Petitioner was convicted by a jury in a consolidated trial for aggravated rape and aggravated robbery in Criminal District Court No. Four of Dallas County, Texas, in Cause Nos. F81-7680-RPK and F81-7679-RPK. (Petition

(Pet.) at 2).[1]  Punishment was assessed at life imprisonment and twenty-five years imprisonment respectively.  The Court of Appeals affirmed his convictions.  Bearden v. States, Nos. 05-81-01038-CR, 05-81-01039-CR (Tex. App., Dallas, Oct. 19, 1984, no pet.).  Petitioner thereafter sought habeas corpus relief in state court.

Petitioner filed one prior federal habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his convictions on the sole ground that the two cases were improperly consolidated for trial.  See Bearden v. Johnson, 3:89-CV-1119-D (N.D. Tex., Dallas Div.).  On July 29, 1991, the district court adopted the findings, conclusion and recommendation of the magistrate judge, filed on April 19, 1991, and denied the petition on the merits.  Id. (Attachment I).

In the present petition for a writ of habeas corpus, Petitioner again seeks to challenge his convictions.  He reasserts his contention that his two cases were improperly consolidated, although he now frames three separate issues: (1) his offenses were misjoined, (2) his cases should have been severed, and (3) trial counsel rendered ineffective assistance in failing to object to the cases not being severed.  (Pet. at 20 and Memorandum in Support at 3-11).  Petitioner also raises three new grounds for relief: (4) that the prosecutor improperly commented on his failure to testify, (5) that appellate counsel rendered ineffective assistance on direct appeal when he failed to challenge the legal and factual sufficiency of the evidence, and (6) the trial court erred in denying his request for a charge to the jury on the lesser included offenses and the determination of a deadly weapon in violation of Blakely v. Washington, 124 S.Ct. 2531 (2004). (Pet at 8 and 8a, and Memorandum in support at 11-22).

---

[1] The petition alleges that the convictions and sentences were imposed by the Fifth Judicial District Court.  (Pet. at 2).  The docket sheets of the Texas Court of Criminal Appeals reflect, however, that Petitioner was convicted in the Fourth Judicial District Court.

<u>Findings and Conclusions</u>:  The instant petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997) (the AEDPA governs petitions filed after its effective date of April 24, 1996).  Section 2244(b)(3)(A) provides that a second or successive habeas petition pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can be filed in the district court.  <u>See</u> 28 U.S.C. § 2244(b)(3)(A); <u>In re Epps</u>, 127 F.3d 364 (5th Cir. 1997); <u>see also</u> <u>In re Tolliver</u>, 97 F.3d 89, 90 (5th Cir. 1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255).

In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."  <u>Crone v. Cockrell</u>, 324 F.3d 833, 836-37 (5th Cir.), <u>cert. denied</u>, 124 S.Ct. 287 (2003)

Petitioner presented the misjoinder claim in his initial federal petition.  His first ground is, therefore, successive under the AEDPA.  <u>See id.</u> (claim raised in prior petition is successive); <u>United States v. Orozco-Ramirez</u>, 211 F.3d 862, 866-871 (5th Cir. 2000) (same).

The second and third grounds, which also relate to the misjoinder claim, were available to Petitioner when he filed his initial federal petition and could have been raised in that petition.  As a result these grounds are also second or successive.  <u>Crone</u>, 324 F.3d at 836-37 (federal petition is successive when it raises a claim that could have been raised in an earlier petition).

The facts underlying the fourth and fifth grounds, that the prosecutor improperly commented on Petitioner's failure to testify and that counsel rendered ineffective assistance on

3

direct appeal, occurred before Petitioner filed his initial federal habeas petition in 1989. These claims were, thus, available to him when he filed his initial federal petition and could have been raised in that petition, but Petitioner failed to do so. As noted previously "[u]nder the abuse-of-the-writ doctrine, a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." Crone, 324 F.3d at 837.

Petitioner alleges the law has changed since the filing of his first federal petition in 1989. A subsequent change in law does not cause Petitioner's claims to become unavailable such that they could not have been raised in the prior petition. Moreover although some of the claims may have been unexhausted at the time Petitioner filed his initial federal habeas petition, his failure to assert the claims in that petition renders his later petition an abuse of the writ. See Crone, 324 F.3d at 838 (failure to bring jail time credit claim in initial federal petition, despite the fact that the claim was unexhausted and arose prior to prisoner filing his initial federal petition, rendered the second federal petition an abuse of the writ). Therefore, this court concludes that the fourth and fifth grounds are second or "successive" under the AEDPA.

The same holds true with respect to Petitioner's sixth ground which seeks to raise a claim under Blakely. The facts underlying Petitioner's Blakely claim occurred before he filed his initial habeas petition in 1989. See Chapman v. Dretke, No. 3:03cv1306-L (N.D. Tex. Feb. 8, 2005) (dismissing § 2254 petition raising an Apprendi claim on the ground that it was second or successive); Conner v. Puckett, 271 F. Supp. 2d 909, 918-919 (S.D. Miss. 2001) (same).

In light of the successive nature of the present petition, this court lacks jurisdiction to consider it unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the same. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774

(5th Cir. 2000). Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). See In re Epps, 127 F.3d at 364 (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be dismissed for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 18 th day of August, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**